by the court.
And, Officers are created for the benefit of the community, not for the emolument of individuals. Every public officer ought to know his duty, and exercise it with fidelity, or he will become responsible to the party grieved. The defendant’s conduct in the instance before us has been highly culpable, and it has not been accounted for, nor can it *508 possibly be explained to bis advantage, if tbe testimony merits credit. The under sheriff is told by him in July 1785, that special bail has been entered, and therefore delivers up the goods; but he takes the liberty of informing him, that he has done wrong. It appears by the continuance docket, and the defendant’s loose memorandum, that the special bail, (if taken at all,) was not acknowledged until November 22d following, and this is inserted in the docket after the bringing of this action, by way of defence. This is more than mere mistake of judgment. The defendant’s information to the sub-sheriff was a palpable misrepresentation against *the plain duties of his office, and if the plaintiff has r*gAg suffered thereby he is entitled to compensation. With- L out animadverting on the practice which is said to have prevailed in these remote counties, as to prothonotaries dissolving attachments of their mere authority, without the interposition of a court, and taking special bail, it will not be pretended that the defendant can shelter himself under this usage. Indeed, from the taking of the judgments, with the stays of execution, issuing the ca. sa. and the scire facias, it would appear as if some agreement had been entered into by the counsel. Of that agreement we have no testimony. But it must be observed that the plaintiff’s counsel could not find the recognizance of bail, on the most diligent search, and it is therefore most probable that the suit on the scire facias was instituted for the defendant’s benefit. There can be no doubt, but that the judgment against M’Donald is a mere nullity, the scire facias containing no certain demand against him, and being void in itself. No appearance of counsel can cure it in its present state. It appears to us that the action is proved in substance; but at any rate, the combination if necessary to be proved, may be fairly inferred from the circumstances, and that the plaintiff is entitled to recover his debt and interest.
Cited in 12 Pa., 228, in support of the decision that the sureties of a pro-thonotary are liable for damages incurred by a purchaser of land, through a mistake in the certificate of judgments.
Verdict pro quer. 240I. 4s. 4d.