# Brown *against* Gray.

In a proceeding before two justices to obtain possession of land purchased at sheriff's sale, if it appear that the complainant is the vendee, of which the sheriff's deed is conclusive, or that he is the grantee of the vendee, he had ineffectually given three months to quit, and that the respondent is the defendant in the execution, or in possession under such defendant by title subsequent to the judgment, he is entitled to recover.   Nor can he be defeated or delayed, except when the respondent alleges on oath that he claims not under the defendant in the execution, but by title adverse, or that he claims by the same title, but by a transfer previous to the judgment.   In such proceedings the only legitimate matter for inspection is the record; the court cannot examine extrinsic matters on *certiorari* or writ of error.

It is not error that the jury found, and the justices rendered judgment for, a gross sum as costs.

THIS was a proceeding by Thomas Brown against John Gray and Elizabeth Gray, before two justices of the peace, to obtain the possession of a house and lot which the complainant had purchased from Dr Wm C. Chambers who had purchased the same at sheriff's sale.   On the 24th of June, 1834, Dr Wm C. Chambers gave the notice required by law to the said John Gray to deliver up the possession to him ; at which time he had sold and conveyed his title to Thomas Brown, who, on the 28th July, 1834, gave a like notice to John and Elizabeth Gray.   After the lapse of three months Thomas Brown made his complaint, upon which a warrant was issued by the justices.

Dr Wm C. Chambers, by articles of agreement with Thomas Brown, dated the 9th of June, 1834, covenanted to convey said house and lot, &c., to said Brown, on or before the 20th of said

v.—c

month, to him his heirs and assigns in fee simple; clear of all in-
cumbrances whatsoever; and to give said Brown possession, on or
before the said 20th of June—the purchase money was 3,000 dol-
lars to be paid in hand by said Brown.

The deed for said property from Chambers and wife to Brown,
is dated same day, [9th of June, 1834,] and contains a general war-
ranty.   In this deed, the deed from the sheriff to Chambers is re-
cited as dated the       day of             A. D. 1834.

The following is the material part of the record of the acknow-
ledgment of the sheriff's deed to Dr Chambers.

### No. 257, April Term, 1834.

" Came into Court, George Beetem, high sheriff, &c., and pro-
duced a deed poll from him to Dr Wm C. Chambers, dated the
    day of        , A. D. 1834," for the house and lot aforesaid,
sold on the 16th of April, 1834, which acknowledgment was taken
in open court, the 22d day of April, 1834.

The sheriff's deed to Chambers for the aforesaid house and lot,
produced and given in evidence on the trial before the justices and
jury in this case, and the sheriff's receipt for the purchase money,
are dated 23d of June, 1834.

The defendants offered in evidence the records of two former
trials between same parties for the same premises; one before Justices
Irvine and Ramsey, and the other before Todd and Squiers, founded
on the same notices given in evidence in this case, and complaints
made by the same plaintiff against the same defendants; and warrants
issued to sheriff, and juries summoned; which said trials were termi-
nated as will appear from the following extracts, taken from the
records thereof.   This evidence the justices rejected in this case.

### Extract from Record of former Trial—before Justices Irvine and Ramsey.

" Now to wit: 8th of November, 1834, the justices and jury met
according to adjournment, and after having heard the parties by
their counsel, and having considered all the evidence adduced by
the said parties, the said justices and jury were unable to agree on
the facts required to be found by them, in order to give the said
Thomas Brown, the complainant, possession of the said premises,
agreeably to the act of assembly, &c.   Nor could the said justices
and jury agree that the said defendants had shown sufficient cause,
why delivery of the possession of the said premises, should not be
made to the said Thomas Brown.   Therefore, the said justices and
jury separated.—Witness, &c.

### Extract from Record of former Trial—before Justices Todd and Squiers.

" Now, February 11, 1835, parties met by their counsel, and

[Brown v. Gray.]

justices and jurors being all present, and after again having heard the parties by their counsel, and having considered all the evidence adduced by the said parties, the justices and inquest were unable to agree."—Signed, &c.

The respondents objected to the recovery of the claimants on the following grounds:

1. The sheriff's deed given in evidence by the plaintiff, is not the deed acknowledged by the sheriff; it materially varies from the record of the acknowledgement of the sheriff's deed for the premises, and consequently does not authorise a proceeding of this kind.

2. The falsification of the sheriff's deed after its acknowledgement, and the offer and admission of parol testimony to sustain it, takes this case out of the provisions of the act of assembly, and the jurisdiction of the justices and jury.

3. By this law the party giving the notice to give up to him the possession, must actually have in him the right of possession at the time he gives the notice; and the deed executed by Chambers to Brown the 9th day of June, 1834, before Chambers gave notice to give up the possession of the premises to him the 24th of June, 1834, shows at that time, Chambers had not the right of possession, and consequently had no authority under the act of assembly, to give any such notice.

4. The notice given by Dr Chambers, the 24th of June, 1834, was a notice to John Gray alone, and not to John Gray and Elizabeth Gray, and can be of no avail in any proceedings in which Elizabeth Gray is a party; and consequently cannot authorise this proceeding.

5. The act of assembly distinctly designates who and what description of persons are authorised by it to give the notice,—it clearly discriminates between the purchaser at sheriff's sale and his assignee; and excludes from its terms all authority to Thomas Brown, assignee or alienee of Dr Chambers, to give the notice to surrender up the possession, and leaves him to his remedy by ejectment.

6. The notice of Dr Chambers introduced as part of the proceedings, dated 24th of June, 1834, requiring the possession to be delivered to him in three months thereafter; and that of Thomas Brown, dated 28th of July, 1834, requiring, while the notice of Dr Chambers was in force, the possession to be delivered to Thos. Brown, both dated after the execution of the deed by Chambers to Brown, rendered it wholly uncertain to whom the possession was to be delivered, and by their contradiction deprived the notice intended to be conveyed by either or both of them taken together, of that certainty which is indispensably essential to constitute a notice within the act of assembly.

7. The justices and jury, by virtue of this act, have no jurisdic-

tion when the whole transaction of the sheriff's sale does not appear on the face of the sheriff's deed, and if it appears by circumstances or evidence *de hors*, or extraneous to, the deed, that Dr Chambers agreed to hold the property in trust for E. Gray, and to allow her to obtain the beneficial interest in it; this will form a case of complicated facts and difficult matters of law, not contemplated by the act, and not within the jurisdiction given them by said act of assembly.

8. Elizabeth Gray does not claim to hold the possession in opposition to the sheriff's sale and title under the same, but under the same sale and title, by virtue of a contract with Dr Chambers, the sheriff's vendee, prior to the sale by Chambers to Brown, the complainant or plaintiff in this proceeding, and that as between her and Dr Chambers or Brown, she is not liable to this proceeding, her title not being such as to make her a party defendant within the contemplation of the act of assembly.

The same exceptions to the proceedings were relied upon in this court, and argued by

*Graham* and *Biddle*, for plaintiffs in error.
*Alexander* and *Penrose*, for defendants in error.

The opinion of the Court was delivered by

GIBSON, C. J.—This summary proceeding is provided for cases whose elements are simple and few. When the complainant has made it appear that he is a vendee at sheriff's sale, of which the sheriff's deed, with its certificate of acknowledgement, is conclusive, or that he is the grantee of such vendee; that he had abortively given three months notice to quit; and that the respondent is the defendant in the execution, or in possession under such defendant by title subsequent to the judgment—he has entitled himself to recover. Nor will the respondent be suffered to defeat or delay him, by allegations involving principles of more difficult application than those intended to be committed to this tribunal, except in two instances specifically pointed out. When he alleges on oath that he claims not under the defendant but by title adverse, or that he claims by the same title but by a transfer of it previous to the judgment, it becomes the duty of the justices to stay the proceeding till the truth of his allegation shall have been determined in a superior court; but he can arrest it by no other device or contrivance whatever. Now the allegation of a sale by the complainant's grantor to one of the respondents, was not within either of these exceptions, and therefore not proper to be heard. But being heard, it was properly disregarded; for it followed not that the inquiry was to stop because the respondents had succeeded in foisting into it matters of fact and law of which the inquest had not jurisdiction. These presented questions which it had not power to determine; yet the respondents are not without remedy. They may still have

[Brown v. Gray.]

them determined in an action of ejectment; but they must surrender the possession in the mean time.

The notice given by the complainant's grantor, was not, in point of law, the inception of the proceeding; and though it is recited in the record, *ex majore cautela* I presume, it is but surplusage. The complainant having acquired the vendee's title, subsequently gave notice for himself; and it is this which, so far as respects that part of the case, entitled him to recover. With the uncertainty of ownership, generated by these apparently conflicting notices, the respondents had no concern. · It was their business to depart and leave the vacant possession to those who might choose to make it a subject of contest: they certainly could not make pretension to hold against both parties. But it would be easy, were it necessary, to show that the right of possession was in the complainant at the date of his notice. In respect to the conveyance *from* the sheriff's vendee, there is no dispute; and the sheriff's deed *to* him had been acknowledged three months before, of which the certificate constituted the only proof with which the inquest had to do. The discrepance betwixt these, as to dates, is immaterial. The date is not of the substance of the deed, and it was doubtless inserted subsequently with the consent of the vendee; but the acknowledgement, being evidence of previous delivery, would entitle the vendee to recover of a stranger even on a deed without a date. The effect of its retention as a security for the purchase money, if indeed any could be produced, would be betwixt the sheriff and his vendee; for a stranger would certainly not be suffered to aver, in the face of the officer's recorded acknowledgement, that the instrument was less than what the acknowledgement of it purported to make it, or that the title was not vested by it.

But had the justices erred in these matters, redress could not be had here. On *certiorari* or writ of error, the appellate court inspects nothing but the record which, by the requirements of the statute, contains but a statement of the facts found for the complainant; and as neither the statute of *West.* 2, nor any other, has given justices of the peace authority to put extrinsic matter on the record by bill of exceptions, we would be compelled to shut our eyes to most of those assigned here. This principle alone would dispose of the exceptions to the sheriff's deed, with its date and certificate of acknowledgement, the extracts of what have been called the records of former unsuccessful trials, and in short every thing that was merely matter of evidence. Over subjects like these, the power of the justices stands as did the common law power of the judges before the enactment of the statute of *Westminster*. The only legitimate matters of inspection, therefore, are the notices as they appear in the inquisition, which we have already said are well enough—and the judgment for a gross sum as costs.

That the costs were not regularly taxed, does not appear; and we will not intend it. Under these statutes the course has been for the justices to give judgment for a gross sum; and such is the course of

the English courts at this day.   The taxation is no part of the record; and that it may be reviewed on error to our common law courts, is the effect of long and inveterate practice.   In the case before us, there must have been some sort of taxation, or process of liquidation from which the amount was obtained; and we are not to intend there was error for want of it.   But even were the exception well founded, yet going to a part.of the judgment susceptible of separation, it would be cause of reversal only as regards the costs.

Judgment affirmed.