## ZIEGLER *v.* The COMMONWEALTH.

12   227
142  369

The sureties of a prothonotary are liable for damages incurred by a purchaser of land, through a mistake in the certificate of judgments; and it is immaterial that there is no seal attached to it, and that there is no proof of payment of the fee.

In error from the Common Pleas of Butler.

Debt against the sureties of a prothonotary on the official bond. The plaintiff, when about to purchase land, procured from the prothonotary the following certificate of judgments against the vendor :

"Butler County, *ss.*

"After a careful examination of the records in my office, I do certify that there are no judgments against John Melvin, except one, which William Bell has, which amounts to $150, with interest from 13th April, 1836.

"Certified from the record this 13th October, 1840.

"JACOB ZIEGLER, Pro."

A note was added in these words :

"Mr. Melvin mentions that Joshua Stoolfire, Esq., has a judgment bond against him, but it is not entered up on the docket.

"J. ZIEGLER."

There was no evidence as to the payment of the fee.

The plaintiff completed the purchase, relying on this certificate, and paid the purchase-money. It was subsequently ascertained that another judgment had been entered against Melvin in September, 1840. The plaintiff was compelled to pay this judgment, and then brought this action.

The Court told the jury that the defendants were liable on the certificate.

*Graham,* for plaintiff in error.—At common law it is not the duty of the prothonotary to give such certificates: 1 Sug. Vend. 552; and there is no allowance for it in the fee bill, nor any direction to give them in any Act of Assembly. The certificate is not evidence of a judgment: 2 H. & John. 132; 14 Pick. 448; and it is a nullity without the seal of the Court : 1 Stark. R. 525. The absence of the seal is evidence that the clerk had not been paid for his services.

*Fetterman*, contrà.—The Act of Assembly does allow a fee, and an action lies for it: 4 Binn. 172.   Such officers may give a negative certificate: 2 Rawle, 236; and are liable for their correctness: 3 W. & S. 26.   The seal is indifferent, for this has nothing to do with the questions of evidence of what is on the record.

BURNSIDE, J. (after stating the case).—In support of the first alleged error, it is contended that there is no Act of Assembly which makes it the duty of the prothonotary to make searches and give certificates of the liens of judgments, and this duty is performed in England by solicitors.   In Pennsylvania it has ever been a portion of the duty of a prothonotary; it is an incident to his office as a keeper of the records of the county.   The fee bill gives him compensation for searches and for certificates.   He is the fit person to make such examinations, and the only person that the common law of the State recognises for that purpose, and responsible for the safe keeping of the records and papers of his office.

The second question (whether the certificate is such an one as renders him liable on the official bond) is equally plain.   [His honour here stated the facts.]   The defence is that the prothonotary neglected his duty in not putting the seal of the Court to his certificate, and that there is no evidence that he was paid for the search and certificate, Melvin having left the country.   If the officer neglected to charge for the search and certificate, which is not very probable, it was his own affair.   Omitting a portion of his duty in not putting the seal of his office to the certificate, will not avail him. Our law will not permit him to take the advantage of his own negligence, and enable him by that negligence to mislead others.

The certificate was well calculated to mislead, and being untrue, he is answerable for the injury it caused.   It was an official act, and so purported to be; and the case is within the principles ruled in McCaraher *v.* The Commonwealth, 5 Watts, 21.   The law holds public officers to exercise their duties with fidelity, or they will become responsible to the party aggrieved: Work *v.* Hoffnagle, 1 Yeates, 506.

The judgment is affirmed.