# Van Etten et al. *versus* The Commonwealth, &c.

The erroneous satisfaction of a judgment in the judgment docket by a prothonotary, by a mere mistake, is such a breach of his official duty as will render him and his sureties liable, in an action on his official bond for such damages as an innocent plaintiff may have sustained by reason of his relying on the truthfulness of said entry.

March 12th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Sullivan county :* Of January Term 1852, No. 422.

Debt, by the Commonwealth of Pennsylvania, at the suggestion of Thomas Norton et al., against Henry Van Etten, T. B. Pomeroy, Solomon Bahr and Philip Tubach, upon the official bond of said Van Etten as prothonotary of Sullivan county, upon which bond the other defendants were sureties. Plea, nil debet, with leave, &c., and conditions performed.

On the trial, before INGHAM, P. J., the following facts appeared : Henry Van Etten was elected prothonotary of Sullivan county and gave an official bond with the above named sureties in $6,000, conditioned " that if the said Henry Van Etten shall and does faithfully execute the duties of said office and shall and does well and truly account for and pay according to law all moneys which shall be received by him in his official capacity, and shall and does deliver the books, seals, records, writings and papers belonging to the said office whole, safe and undefaced, to his successor therein, then this obligation to be void, or else, to be and remain in full force and virtue."

On December 22d 1874, a judgment was recovered in the common pleas of Sullivan county, by Franklin Township against

John S. Osler, for $700, which was duly entered on the judgment docket, and became a lien on two tracts of land in said county owned by said Osler. By deed dated May 4th 1875, Osler sold one of said tracts to Thomas Norton, for a full consideration, the other tract being of ample value to secure said judgment, and Osler agreed with Norton that he would pay and satisfy the same.

Subsequently, in 1877, other judgments were recovered against Osler, the first two, in order of lien, being the following : W. T. Davies, $292.37 ; N. C. Johnson, $1,090. Under an execution upon a subsequent judgment, the tract still owned by the defendant was taken in execution and advertised to be sold on May 27th 1878. Thomas Norton employed counsel to represent his interest at the sheriff's sale, who examined the judgment docket and found that the above mentioned judgment of Franklin Township against John S. Osler had been duly marked "satisfied " by the prothonotary, and that there were no other liens of record, prior to Norton's purchase. He therefore informed Norton that he had no interest to protect in bidding at the sheriff's sale. W. T. Davies also examined the judgment docket, and, finding that by reason of the satisfaction of the Franklin Township judgment his judgment was the first lien against the premises, bid up the same to an amount barely sufficient to protect his judgment ; whereupon the property was knocked down to N. C. Johnson, the judgment creditor next in lien, for $450, which sum Johnson paid to the sheriff, and he received a deed for the tract.

The sheriff and his counsel having also examined the judgment index, distributed the fund to the judgments in their order of lien, viz.: the Davies judgment of $292.37 in full, and the balance of the fund, on account of the judgment held by N. C. Johnson, the purchaser at the sheriff's sale.

Subsequently, in July 1878, the court on petition of Franklin Township, averring that its said judgment had not been paid, granted a rule to show cause why the sheriff should not pay into court the proceeds of said sheriff's sale, for distribution, and, it appearing by depositions that the satisfaction of said judgment had been entered by mistake, made absolute said rule ; which order was, on certiorari, reversed by this court (Franklin Township *v.* Osler, 10 Norris 160).

Osler being insolvent, Franklin Township then proceeded against Thomas Norton to enforce the lien of its said judgment against the tract purchased by him from Osler, as aforesaid ; whereupon Norton, in order to save costs, paid to Franklin Township the debt, interest and costs on said judgment, amounting to $896, and took an assignment thereof, and thereupon instituted this action on the prothonotary's official bond. The

[Van Etten *v.* Commonwealth.]

evidence showed that on or before May 1st 1878, the prothonotary was requested to enter satisfaction upon the judgment docket of a certain judgment of B. M. Silvara *v.* J. M. Osler and Wm. May, which was indexed in said docket on the line immediately above and preceding the entry of the said judgment of Franklin Township against John S. Osler; that the prothonotary, by inadvertence and mistake, marked the word "satisfied" on the wrong line, so that the same was written opposite the judgment of Franklin Township *v.* John S. Osler, instead of opposite the judgment of Silvara *v.* J. M. Osler and Wm. May; that this mistake was not discovered until several weeks after the said sheriff's sale, when the prothonotary erased the word "satisfied" as written, and wrote it on the line above, opposite the Silvara judgment. It further appeared that Franklin Township had no knowledge of said erroneous entry until after said sheriff's sale, and also did not have knowledge of said sale until some time after it took place. W. T. Davies testified that the full value of the tract sold at said sheriff's sale was $1,800 or $2,000, and that if the Franklin Township judgment had not been satisfied of record, he would have bid up the property to an amount sufficient to cover both that judgment and his own. Other witnesses corroborated him as to the value of said tract. The court affirmed the plaintiff's points to the effect that if the jury found from the evidence that the plaintiff Norton had suffered damage by reason of his having relied upon the unauthorized entry of satisfaction, the verdict should be for the Commonwealth in the amount of the bond, and for Norton for the amount of damages he sustained.

The defendant presented, inter alia, the following points:

2. "That an honest mistake or clerical error committed on the part of the prothonotary in the discharge of his duties in making up his records, corrected in good faith as soon as the error is discovered, is not such neglect of duty or failure to perform the duties of his office as makes him liable in an action upon his official bond."

Answer. We deem it unnecessary to answer this point in terms so broad as to cover cases which are not now before us. The defendant alleges that the judgment in favor of Franklin was marked satisfied by his mistake; if the evidence proves that this mistake defeated the lien of the said judgment on the real estate sold, misled purchasers and those who wished to become bidders at the sheriff's sale, and misled the sheriff in his distribution of the funds raised by the sheriff's sale, then it was such negligence on the part of the prothonotary as amounts to a breach of the conditions of his official bond and the plaintiff may recover in this suit for damages suffered by them.

[Van Etten v. Commonwealth.]

6. That a party examining the lien docket in the office of the prothonotary, does so at his own risk, and he can not hold the prothonotary liable on his bond except for furnishing a false certificate of liens. Refused.

14. That in any event, if Thomas Norton, the assignee of the Franklin Township judgments, is entitled to recover in this action he cannot recover any greater sum than would have applied on the Franklin Township judgment out of the proceeds of the sheriff's sale of the land of Osler, had the same been properly distributed according to priority of lien, to-wit: the sum of $393.70.

Answer. Not affirmed.

Verdict and judgment for the commonwealth for the penal sum of the bond, $6,000, and for the plaintiff Thomas Norton, for $700.. The defendants took this writ of error, assigning for error, inter alia, the answers to above points.

*H. W. Patrick* and *Wm. Foyle*, for the plaintiffs in error. —A mere mistake committed by the prothonotary, in good faith, may render him liable in an action on the case for damages, but it is not a breach of the condition of his official bond that he shall faithfully execute the duties of his office, so as to render his sureties liable : Commonwealth *v.* West, 1 Rawle 31 ; Commonwealth *v.* Conard, 1 Rawle 249 ; Roth *v.* Miller, 15 S. & R. 107; Cannell *v.* Crawford Co., 9 P. F. S. 197 ; Ludlow *v.* Simond, 2 Caines 29 ; Union Bank *v.* Clossey, 10 Johns. 271. This was not the case of an erroneous certificate of judgments issued by the prothonotary, for a fee, to the plaintiff, as in Ziegler *v.* Commonwealth, 12 Pa. St. 227, and McCaraher *v.* Commonwealth, 5 W. & S. 21, but no certificate was issued or demanded in this case. In any event, if the plaintiff were entitled to a verdict, he could only recover the amount which would have been applicable to the judgment from the fund produced by the sheriff's sale. The testimony, that if the judgment had not been marked satisfied the property would have been bid up to a higher sum, was vague and inadmissible.

*Ellery P. Ingham (E. M. Dunham* with him), for the defendants in error, cited : Coyne *v.* Souther, 11 P. F. S. 455 ; Ziegler *v.* Commonwealth, 2 Jones 227 ; Siewers *v.* Commonwealth, 6 W. N. C. 17; Mann's Appeal, 1 Barr 29 ; Ridgway, Budd & Co.'s Appeal, 3 Harris 182 ; Watson *v.* Smith, 2 Casey 395 ; Carmony *v.* Hoober, 5 Barr 305 ; Stark *v.* Fuller, 6 Wr. 324 ; Thorne *v.* Travellers' Ins. Co., 30 P. F. S. 30.

Chief Justice MERCUR delivered the opinion of the court, March 26th 1883.

The act complained of is clearly covered by the bond on which this suit is brought. The improper satisfaction of a judgment by the prothonotary, without authority is a breach of his official duty. It gives a right of action on his official bond to the person injured by such action.

It is no defence that it was done through an honest mistake or a clerical error. One of the conditions of the bond is that the prothonotary shall faithfully execute the duties of his office. His duty is to make no false entry on the record. When duly authorized, it becomes his duty to mark a judgment satisfied. Here he had no semblance of authority to mark this particular judgment satisfied. It is no defence to an action for damages by persons aggrieved by this act for him to show that he made a clerical error or an honest mistake. It was undoubtedly more than a mere clerical error. It was an official error. It was only by virtue of his official authority that he is authorized to enter satisfaction. Whether the mistake be honest or dishonest the effect on the rights of one injured thereby is the same. The object of the bond is to protect those interested in the records showing the truth, from damage flowing from a false entry thereon.

All questions as to the injury and damage were properly ruled by the court. The record shows no just cause for reversing the judgment.

Judgment affirmed.